```
                    United States District Court
                      District of Massachusetts
 _____
                               )
William Saintcome,             )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    16-12490-NMG
Jason Tully, et al.,           )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an alleged incident of excessive force against a restrained, pre-trial detainee. Plaintiff William Saintcome ("Saintcome" or "plaintiff") asserts that two defendant correctional officers, Officer Jason Tully ("Tully") and Officer C. Perrin ("Perrin"), deprived him of his civil rights. Saintcome alleges that while he was awaiting release from the segregation unit of the Billerica House of Corrections ("BHOC") in Billerica, Massachusetts, the defendant officers used improper, excessive force against him in violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. He also alleges state tort claims of assault and battery against both defendants.

-1-

Pending before the Court are defendants' motion to dismiss and plaintiff's motion to appoint counsel.  For the reasons that follow, plaintiff's motion to appoint counsel will be denied and defendants' motion to dismiss will also be denied.

I. **Background**

Plaintiff is a prisoner at Massachusetts Correctional Institution - Concord appearing pro se.  Prior to his incarceration in that facility, he was imprisoned awaiting trial at the BHOC.

Saintcome alleges that on November 12, 2014, he was scheduled to be released from the BHOC's segregation unit. Defendant Perrin and a third corrections officer, Officer Corindina ("Corindina"), had placed Saintcome in restraints before his daily recreation time.  When time came to remove the restraints, defendant Tully appeared.  Saintcome requested that Corindina, rather than Tully, remove the restraints.  He did so because of a prior verbal confrontation with Tully, when the officer allegedly denied him a meal that satisfied his religious dietary restrictions and Tully made derogatory remarks about plaintiff's Islamic faith.

According to the complaint, when Saintcome requested that Corindina remove his restraints, Tully slammed his head into the cell wall and pushed him onto the bunk where his head hit the metal frame.  Perrin then allegedly entered the cell and elbowed

Saintcome four times in the face before Corindina intervened and commanded Tully to leave, at which time Tully allegedly engaged in another tirade of racial and religious epithets.

On October 14, 2016, plaintiff filed a complaint alleging violations of his civil rights against Officers Tully and Perrin.

## II. Analysis

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires that a complaint contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570(2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### A. Application

Defendant claims that the complaint should be dismissed because 1) defendants' alleged use of force did not rise to the level of a deprivation of a constitutional right, 2) defendants are shielded by qualified immunity, 3) plaintiff's cause of

action is not properly pled and 4) plaintiff's state law claims cannot be sustained. Plaintiff has claimed a deprivation of a civil right and seeks money damages. In order to sue an official acting under color of law for money damages for deprivation of a constitutional right, the sole remedy available under federal law is found in 42 U.S.C. § 1983.

To succeed on a § 1983 claim for excessive force against a pretrial detainee, the plaintiff must show that the defendant purposely or knowingly used objectively unreasonable force against him. Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 70 (1st Cir. 2016).

### 1. The reasonableness of the force used

Where, as here, a plaintiff alleges that excessive force was used by corrections officers on an incarcerated pretrial detainee, the Supreme Court has held that the appropriate standard of review is objective reasonableness. Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473-74 (2015). To prevail in such an action, plaintiff must show that the offending officer "purposely or knowingly used [force] against him[, which] was objectively unreasonable" and the court must take into account whether the action was needed to "preserve internal order and discipline." Id. at 2473.

For the purposes of a motion to dismiss, all well-pled factual allegations are taken as true. Ocasio-Hernandez, 640

F.3d at 12.  Given that Saintcome was restrained at the time of the incident, a factfinder could plausibly infer that the alleged acts of Tully and Perrin did not constitute an objectively reasonable use of force.  Furthermore, plaintiff has alleged that the motivation for the force was racial and religious animus on the part of Tully, rather than a desire to preserve order and discipline.  Thus, plaintiff has properly stated a claim of excessive force against both defendants.

When a pretrial detainee makes an allegation of excessive force, there is an open question concerning the specific civil right which has been infringed. See Graham v. Connor, 490 U.S. 386, 395 (1989).  The Court in Graham reserved the question of whether the Fourth Amendment's protection of arrestees against excessive force extends to pretrial detainees, or whether such claims should be analyzed under Fourteenth Amendment due process. Id.

The 1st Circuit has yet to resolve the question but some district courts within the Circuit have analyzed the issue under the Fourth Amendment's protection against unreasonable seizures. See Miranda-Rivera, 813 F.3d at 70; see also Rivera-García v. Román-Carrero, 938 F.Supp.2d 189, 198-99 (D.P.R. 2013) (rejecting application of Fourteenth Amendment due process protection for arrestee).  For the purpose of this motion, we accept as pled the plaintiff's uncontested claim that the civil

right implicated in this instance of purported excessive force was his right to be free of unreasonable seizure.

Defendants maintain that the use of force described in the complaint cannot rise to the level of a constitutional violation because the quantum of force used was de minimis. To support that contention, they cite the Supreme Court's holding in Hudson v. McMillan, 503 U.S. 1, 9-10 (1992) and a string of subsequent cases.

Those cases are inapposite, however, because they deal with the Eighth Amendment's bar on corrective punishment of convicts. Because, at the time of the incident, plaintiff was not convicted of a crime but rather was a pre-trial detainee, it is the Fourth, not the Eighth, Amendment that is implicated. The proper standard in this case is to examine whether, in the context of the incident, the level of force used against Saintcome was objectively reasonable. See Kingsley, 135 S.Ct. at 2473. An attempt to quantify the harm suffered by plaintiff has little bearing on whether the force was necessary or reasonable.

Taking these facts as true, plaintiff has pled facts that plausibly constitute a claim of excessive force. Accordingly, plaintiff's cause of action will not be dismissed on these grounds.

### 2. Defendants' immunity defense

Section 1983 is the sole method under federal law to sue for money damages for the deprivation of constitutional rights against individuals who would otherwise be protected by Eleventh Amendment sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  However, § 1987 does not allow for awards of money damages against officials acting in their official capacities, as they are not "persons" as defined by the statute. Id.  Defendants contend that by identifying defendants as corrections officers, plaintiff has brought this action against them in their official capacities, and therefore they are protected by sovereign immunity.  That contention is unavailing.

Although all parties are required to adhere to the Federal Rules of Civil Procedure, the First Circuit Court of Appeals has held that the pleadings of a pro se plaintiff are to be read liberally. Ahmed v. Rosenblatt, 188 F.3d 886, 890 (1st Cir. 1997).  Plaintiff is explicit in his complaint that he is bringing suit against Tully and Perrin solely "in their individual capacities", rendering them susceptible to suit for money damages.

To the extent that they are sued in an individual capacity, defendants are provided no shield of immunity by the Eleventh

Amendment, and plaintiff's claims will not be dismissed on that ground.

### 3. The sufficiency of plaintiff's complaint

To prevail on a 42 U.S.C. § 1983 claim for excessive force, a plaintiff must show that a person acting under color of state law subjected them to a deprivation of rights secured by the constitution. See Will, 491 at 64. Defendants contend that because 1) plaintiff did not specifically invoke § 1983 and 2) there exists no independent cause of action under the Fourteenth Amendment, plaintiff's pleading was insufficient and must be dismissed.[1]

Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). They do not, however, require that a plaintiff enumerate every statute empowering their cause of action. Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014)(per curiam).

A cursory review of plaintiff's complaint reveals that he has properly pled the elements of a § 1983 claim for excessive force. A finder of fact could plausibly determine that the force used against Saintcome was not objectively reasonable

---

[1] Plaintiff has clarified in his memorandum in opposition to defendants' motion to dismiss that his complaint is meant to allege a cause of action under 42 U.S.C. § 1983.

given the allegation that he was restrained and compliant at the time. The Supreme Court has held that it is sufficient for a plaintiff to plead facts sufficient to demonstrate substantive plausibility. There is no requirement to invoke § 1983 by rote in order to state such a claim. See id.

Accordingly, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be denied.

### 4. Plaintiff's state law claims

Defendants, anticipating dismissal of the federal claim in this case, have asked this Court to dispose of the state law claims as well.

Federal courts have supplemental jurisdiction to adjudicate pendent state claims arising from the same case or controversy as a plaintiff's federal claims. 18 U.S.C. § 1367. Because this Court finds that plaintiff has sufficiently pled facts which plausibly allege a cause of action under § 1983, plaintiff's state tort claims will be considered as well. See Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 58 (1st Cir. 2013) (reversing summary judgment on federal claim and reinstating state law claims). For that reason, defendants' motion to dismiss the state law claims will be denied.

### 5. Plaintiff's motion to appoint counsel

Plaintiff requests that counsel be appointed to aid him in preparation of his claim. That request will be denied. Civil

-9-

litigants have no constitutional right to counsel. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). A district court has discretion, however, to appoint counsel to indigent civil litigants in "exceptional circumstances" based upon the kind and complexity of factual and legal issues involved and the ability of the individual bringing it 1) to conduct whatever factual investigation is necessary and 2) to present his or her case. Id. at 2-3.

"Exceptional circumstances" warranting the appointment of counsel for the plaintiffs are lacking in this case. See id. at 2. The plaintiff is already familiar with the facts of this case and therefore no lengthy investigation is required. Moreover, his case does not present complex or novel questions of law. At this nascent stage the Court finds plaintiff capable of proceeding pro se.

Accordingly, plaintiff's motion to appoint counsel is denied.

**ORDER**

For the foregoing reasons,

1) plaintiff's motion for appointment of counsel (Docket No. 16) is **DENIED**, and

2) defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 14) is **DENIED**.

**So ordered.**

/s/ *Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated November 8, 2017